NEW SENSOR CORPORATION,
Plaintiff–Appellant,

v.

CE DISTRIBUTION LLC and Antique
Electronic Supply LLC, Defendants–
Appellees.

Nos. 04–0776, 04–4768.

United States Court of Appeals,
Second Circuit.

Dec. 23, 2004.

Martin Pavane (Roger S. Thompson, Lisa A. Ferrari), Cohen, Pontani, Lieber-

man & Pavane, New York, NY, for Appellant, of counsel.

David J. Bodney (Peter S. Kozinets, Steptoe & Johnson LLP, Phoenix, AZ, Jonathan Wagner, Harold P. Weinberger, Kramer, Levin, Naftalis & Frankel LLP, New York, NY), Steptoe & Johnson LLP, Phoenix, AZ, for Appellees, of counsel.

Present: CARDAMONE, CABRANES and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**UPON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the order of the District Court be and it hereby is **AFFIRMED.**

Plaintiff New Sensor Corporation ("New Sensor"), a U.S. distributor of vacuum tubes, sued defendants CE Distribution LLC ("CE") and Antique Electronic Supply LLC ("AES"), also U.S. distributors of vacuum tubes, for trademark infringement and unfair competition in connection with defendants' use of the word "Svetlana" on CE's website. The District Court granted defendants' motion for summary judgment based upon its determination that defendants' use of the term was not false advertising within the meaning of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B), and that it had not caused, nor was it likely to cause, any confusion among consumers in violation of 15 U.S.C. § 1114. *New Sensor Corp. v. CE Distrib. LLC,* 303 F.Supp.2d 304, 315–17 (E.D.N.Y.2004). The Court further granted defendants' motion for summary judgment on plaintiff's claims of state law trademark infringement and injury to business reputation. *Id.* at 317. After reviewing both parties' claims, we affirm the District Court's entry of summary judgment.

■ As an initial matter, we reject plaintiff's contention that the District Court erred in applying *Polaroid Corp. v. Polarad Electronics Corp.,* 287 F.2d 492 (2d Cir.1961), to New Sensor's trademark infringement claim. The fact that "CE in its moving papers never applied the *Polaroid* factors in its analysis of New Sensor's trademark infringement claim, and consequently neither did New Sensor," is irrelevant. The multi-factor test stated by Judge Friendly in *Polaroid* is the prevailing standard in this Court for analyzing likelihood of confusion claims, *see, e.g., Brennan's, Inc. v. Brennan's Restaurant, LLC,* 360 F.3d 125, 130 (2d Cir.2004), and the District Court properly applied it here.

■ Though it was perhaps an exaggeration for the District Court to state that plaintiff had not proffered "a scintilla of evidence" to support its allegations of trademark infringement, the Court rightly rejected New Sensor's contention that "consumers strongly associate SVETLANA with … New Sensor." *Id.* at 312. On appeal, New Sensor apparently misunderstands the import of this determination, which specifically related to whether any secondary meaning bolstered the strength of the mark. Contrary to arguments of New Sensor, the District Court did not suggest, much less hold, that JSC Svetlana ("JSC"), the Russian corporation which manufactures the vacuum tubes defendants distribute in the U.S., owns the good will accruing to the domestic use of the mark, good will that New Sensor purchased. Rather, as the District Court found, "Svetlana," has meaning apart from plaintiff's mark and its "stylized S." *Id.* at 311. In fact, New Sensor's predecessor took great pains to link consumer perception of SVETLANA to the St. Petersburg "Svetlana" factory and the factory's long history. Beyond the marketing efforts of New Sensor's predecessor, it is factually correct that, since 1913, "Svetlana" has been the name of the St. Petersburg facto-

ry manufacturing the vacuum tubes now marketed by CE. The District Court therefore properly concluded that defendants did not infringe upon plaintiff's mark by truthfully stating on CE's website that they were selling vacuum tubes manufactured in the Svetlana factory. *See Prestonettes, Inc. v. COTY,* 264 U.S. 359, 368, 44 S.Ct. 350, 68 L.Ed. 731 (1924) ("When the mark is used in a way that does not deceive the public we see no such sanctity in the word as to prevent its being used to tell the truth.").

The District Court also properly granted summary judgment to defendants on the ground that no genuine issue of material fact existed as to plaintiff's false advertising claim that the statements of CE's website were literally false or (in the alternative) true but misleading. The District Court correctly concluded that New Sensor did not offer evidence from which a reasonable juror could conclude that CE's website statement was literally false. At most, New Sensor's proffered evidence suggests a possibility of consumer confusion. We thus pass to that issue and affirm the District Court's holding that New Sensor failed to establish a genuine issue of material fact related to the literal falsity of CE's statement.

■ New Sensor maintains that the disputed statements are likely to deceive or confuse consumers into believing that tubes manufactured by JSC Svetlana are the only genuine "Svetlana" tubes sold in the United States. As evidence, it offers an affidavit from former SED executives stating that some "Svetlana"—brand tubes sold in the United States were not manufactured by JSC Svetlana. The District Court properly found that this evidence, although it suggests that CE's statement is not entirely accurate, does not establish a genuine issue of material fact related to consumer confusion. Plain-

tiff argues that the District Court improperly considered the absence of consumer confusion evidence, as this motion for summary judgment occurred prior to the taking of discovery. Plaintiff, however, fails to apprehend its burden as the party with the burden of persuasion at trial in facing a motion for summary judgment. "A defendant need not prove a negative when it moves for summary judgment on an issue that the plaintiff must prove at trial." *Parker v. Sony Pictures Etm't Inc.,* 260 F.3d 100, 111 (2d Cir.2001). It need only point to an absence of proof on plaintiff's part and, at that point, plaintiff must "designate specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986) (quotations omitted). It is well settled that claims of implied falsehood require proof by extrinsic evidence. *Johnson & Johnson' Merck Consumer Pharms. Co. v. Smithkline Beecham Corp.,* 960 F.2d 294, 297 (2d Cir.1992) ("It is not for the judge to determine, based solely upon his or her own intuitive reaction, whether the advertisement is deceptive."). Following defendants' motion for summary judgment, New Sensor was on notice that the "ultimate issues" of its unfair competition claim was before the court. *See First Fin. Ins. Co. v. Allstate Interior Demolition Corp.,* 193 F.3d 109, 115 (2d Cir. 1999). We typically require proof of actual confusion in the form of survey evidence at trial, *see Johnson & Johnson',* 960 F.2d at 297–98, and do not suggest New Sensor was required to offer such proof at this early stage of the litigation. Nevertheless, New Sensor had the burden of producing *some* evidence of consumer confusion, and the trial court did not err in concluding that New Sensor's proffered evidence (the affidavit from former SED executives stating that some "Svetlana"—brand tubes sold in the United States

were not manufactured by JSC Svetlana) was insufficient to allow a reasonable juror to conclude that CE's statements created customer confusion.

\* \* \* \* \* \*

We have considered all of plaintiff's arguments and have found each of them to be without merit. Accordingly, the judgment of the District Court is hereby **AFFIRMED.**